# EXHIBIT A

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ  85367
Phone:  928-782-5182

**Yuma Justice Court First Precinct**
In and For the County of Yuma, State of Arizona
250 W. 2nd Street, Suite A
Yuma, AZ  85364  (928) 817-4100

**PLAINTIFF**
Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ  85367

Case No.: L1401CV20160175̄8̄

RECEIVED

President's Office

OCT 2 1 2016

-vs-

**SUMMONS**

**CIVIL**

**DEFENDANT**

Royal Neighbors of America
c/o Cynthia Tidwell, President/CEO
230 Sixteenth Street
Rock Island, IL  61201

**THE STATE OF ARIZONA TO THE ABOVE NAMED DEFENDANT(S):**

1.  You are summoned to respond to this complaint by filing an answer with this court and paying the court's required fee.  If you cannot afford to pay the required fee, you can request the court to waive or to defer the fee.

2.  If you were served with this summons in the State of Arizona, the court must receive your answer to the complaint within twenty (20) calendar days from the date you were served.  If you were served outside the State of Arizona, the court must receive your answer to the complaint within thirty (30) days from the date of service.  If the last day is a Saturday, Sunday, or holiday, you will have until the next working day to file your answer. When calculating time, do not count the day you were served with the summons.

3.  This court is located at: <u>250 W. 2nd Street, Suite A, Yuma, AZ 85364.</u>

4.  Your answer must be in writing. (a) You may obtain an answer form  from the court listed above, or on the Self-Service Center of the Arizona Judicial Branch website at http://www.azcourts.gov/ under the "Public Services" tab. (b) You may visit http://www.azturbocourt.gov/ to prepare your answer electronically; this requires payment of an additional fee. (c) You may also prepare your answer on a plain sheet of paper, but your answer must include the case number, the court location, and the names of the parties.

5.  You must provide a copy of your answer to the plaintiff(s) or to the plaintiff's attorney.

**IF YOU FAIL TO FILE A WRITTEN ANSWER WITH THE COURT WITHIN THE TIME INDICATED ABOVE, A DEFAULT JUDGMENT MAY BE ENTERED AGAINST YOU, AS REQUESTED IN THE PLAINTIFF(S) COMPLAINT.**

Date: _____ OCT 1 7 2016 _____

Judge's Signature JUSTICE OF THE PEACE

{JUSTICE SEAL COURT}

{COURT SEAL}

**REQUEST FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE COURT AS SOON AS POSSIBLE BEFORE A COURT PROCEEDING.**

**Notice to the Defendant:  A lawsuit has been filed against you in Justice Court!**
**You have rights and responsibilities in this lawsuit. Read this notice carefully.**

1. In a justice court lawsuit, individuals have a right to represent themselves, or they may hire an attorney to represent them. A family member or a friend may not represent someone in justice court unless the family member or friend is an attorney. A corporation has a right to be represented by a managing member. A corporation or an LLC may also be represented by an attorney.

If you represent yourself, you have the responsibility to properly complete your court papers and to file them when they are due. The clerks and staff at the court are not allowed to give you legal advice. If you would like legal advice, you may ask the court for the name and phone number of a local lawyer referral service, the local bar association, or a legal aid organization.

2. You have a responsibility to follow the Justice Court Rules of Civil Procedure ("JCRCP") that apply in your lawsuit. The rules are available in many public libraries, at the courthouse, and online at the Court Rules page of the Arizona Judicial Branch website, at *http://www.azcourts.gov/*, under the "AZ Supreme Court" tab.

3. A "plaintiff" is someone who files a lawsuit against a "defendant." You must file an answer or other response to the plaintiff's complaint in writing and within twenty (20) days from the date you were served with the summons and complaint (or thirty (30) days if you were served out-of –state.) If you do not file an answer within this time, the plaintiff may ask the court to enter a "default" and a "default judgment" against you. Your answer must state your defenses to the lawsuit. Answer forms are available at the courthouse, and on the Self-Service Center of the Arizona Judicial Branch website at *http://www.azcourts.gov/*, under the "Public Services" tab. You may prepare your answer electronically at *http://www.azturbocourt.gov/*; this requires payment of an additional fee. You may also prepare your answer on a plain sheet of paper, but your answer must include the court location, the case number and the names of the parties. You must provide to the plaintiff a copy of any document that you file with the court, including your answer.

4. You may bring a claim against the plaintiff if you have one. When you file your answer or written response with the court, you may also file your "counterclaim" against the plaintiff.

5. You must pay a filing fee to the court when you file your answer. If you cannot afford to pay a filing fee, you may apply to the court for a fee waiver or deferral, but you must still file your answer on time.

6. You may contact the plaintiff or the plaintiff's attorney and try to reach an agreement to settle the lawsuit. However, until an agreement is reached you must still file your answer and participate in the lawsuit. During the lawsuit, the court may require the parties to discuss settlement.

7. Within forty (40) days after your answer has been filed, you and the plaintiff are required to provide a disclosure statement to each other. The disclosure statement provides information about witnesses and exhibits that will be used in the lawsuit. A party may also learn more about the other side's case through discovery. Read the Justice Court Rules of Civil Procedure for more information about disclosure statements and discovery.

8. The court will notify you of all hearing dates and trial dates. You must appear at the time and place specified in each notice. If you fail to appear at a trial or a hearing, the court may enter a judgment against you. To assure that you receive these notices, you must keep the court informed, in writing, of your current address and telephone number until the lawsuit is over.

President's Office   OCT 21 2016

Charles A. Gulden
11802 E. 28th Pl
Yuma, AZ 85367
Phone: 928-782-5182
Email: chasinyuma@hotmail.com

FILED

2016 OCT 17  PM 2:43

YUMA JUSTICE COURT
FIRST PRECINCT

## IN THE YUMA COUNTY JUSTICE COURT

## STATE OF ARIZONA

CHARLES A. GULDEN,

        Plaintiff,

vs.

ROYAL NEIGHBORS OF AMERICA

        &

DYNAMIC INSURANCE SERVICES, INC.,

        Defendants.

Case No.: 1401CV20160758

COMPLAINT
(CIVIL)

President's Office

OCT 21 2016

### JURISDICTION AND VENUE

1. This claim arises from tort and is made pursuant to the federal Telephone Consumers Protection Act (TCPA), 47 U.S.C. §227, and its Federal Communications Commission (FCC) TCPA implementing regulation, 47 C.F.R. §1200.

2. Plaintiff, Charles A. Gulden, is a resident of Yuma County, Arizona. Defendants, Royal Neighbors of America, a life and health insurance fraternal benefit society, and Dynamic Insurance Services, Inc., an insurance agency, are Illinois and Texas business entities, respectively, and each conducts business activities within or into, but not necessarily limited to or within, the state of Arizona. All acts complained of herein occurred on Plaintiff's residential telephone located in Yuma County, Arizona.

COMPLAINT (CIVIL) - 1

**FACTUAL ALLEGATIONS**

3.  On or about 29 September, 30 September and 3 October 2016 Defendants, Defendants' agents or parties acting on behalf of the Defendants initiated numerous telephone calls from telephone numbers 859-479-1482 (once) and 928-339-3276 (four times) to Plaintiff's residential telephone ending in 5182 for the purpose of soliciting for Defendants' products or services.

4.  When Plaintiff answered Defendants' telephone call from telephone number 859-479-1482 Plaintiff heard an artificial or prerecorded voice message.

5.  Defendants, Defendants' agents or parties acting on behalf of the Defendants initiated the above cited call using an artificial or prerecorded voice to deliver a message to Plaintiff regarding Defendants' products or services without Plaintiff's prior express consent.

6.  When Plaintiff answered his telephone Plaintiff heard distinctive 'click and pause' and other sounds and indications after having answered that were indicative of an "automatic telephone dialing system" (ATDS).

7.  Defendants, Defendants' agents or parties acting on behalf of the Defendants initiated the above cited call utilizing an ATDS as defined by 47 U.S.C. § 227(a)(1) without Plaintiff's prior express consent.

8.  Plaintiff was not a customer of Defendants at the time of any of the complained of calls.

9.  Defendants' calls constituted calls that were not for emergency purposes.

10.  Defendants, Defendants' agents or parties acting on behalf of the Defendants failed, at the beginning of the message, to state clearly the identity of the business, individual or other entity responsible for initiating the call utilizing the artificial or prerecorded message.

COMPLAINT (CIVIL) - 2

11.  Defendants, Defendants' agents or parties acting on behalf of the Defendants failed to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating the calls to Plaintiff's residential telephone

12.  For more than thirty-one (31) days prior to Defendants' calls to Plaintiff's residential telephone, Plaintiff's residential telephone number was registered on the national Do-Not-Call registry in which the federal government documents the telephone numbers of persons who do not wish to receive such telephone solicitations.

**TCPA VIOLATION I**

13.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14.  The foregoing artificial or prerecorded voice call initiated by Defendants constitute negligent violation of the TCPA pursuant to 47 U.S.C. § 227(b)(1)(B), in that Defendants' call was initiated to Plaintiff's residential telephone line using an artificial or prerecorded voice to deliver a message without the Defendant's prior express consent.

15.  The foregoing call initiated by Defendants constitutes knowing and/or willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C).

**TCPA VIOLATION II, III, IV, V, VI**

16.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17.  Independent of the violation cited above, each of the five (5) foregoing calls initiated by Defendants constitutes separate negligent violation of the TCPA pursuant to 47 U.S.C. §

COMPLAINT (CIVIL) - 3

227(c), in that the calls were initiated to the Plaintiff's residential telephone number while it was registered on the national Do Not Call Registry.

18.  The foregoing calls initiated by Defendants constitute knowing and/or willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each of the five (5) separate violations, pursuant to 47 U.S.C. § 227(c)(5)(C).

## TCPA VIOLATION VII

19.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.  Independent of the violations cited elsewhere in this Complaint, Defendants' failure to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating that call to Plaintiff's residential telephone constitutes violation of the TCPA pursuant to 47 U.S.C. § 227(d)(3)(A(i)).

21.  Defendants' foregoing failure to state clearly, at the beginning of the artificial or prerecorded voice message, the identity of the business, individual, or other entity that was responsible for initiating the calls to Plaintiff's residential telephone was willful, entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C).

## TCPA VIOLATION VIII

22.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.  Independent of the violations cited elsewhere in this Complaint, Defendants' failure during or after the message to state clearly the telephone number or address of such business, other entity, or individual that was responsible for initiating the artificial or prerecorded voice call to Plaintiff's residential telephone constitutes violation of the TCPA pursuant to 47 U.S.C. §

COMPLAINT (CIVIL) - 4

227(d)(3)(A)(ii).

24.  Defendants' foregoing failure during or after the artificial or prerecorded voice message to state clearly the telephone number or address of such business, other entity, or individual  that was responsible for initiating the call to Plaintiff's residential telephone  was willful, entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C).

### TCPA VIOLATION IX, X

25.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26.  On 13 October 2016 Plaintiff made a specific request to Defendants' agents or employees for his telephone number to be added to Defendant's internal Do Not Call list and Plaintiff specifically requested that a copy of the Defendants' written policy for maintaining its Do Not Call list be made available to him.

27.  Defendants' agents or employees did not respond affirmatively to Plaintiff's request for a copy of Defendants' written policy and subsequent to Plaintiff's foregoing request Defendants have not provided or made available the requested copy to Plaintiff.

28.  Independent of the violations cited elsewhere in this Complaint, Defendants' failure to establish and implement written procedures to comply with the national Do Not Call rules and provide or make available upon demand a copy of its written policy for maintaining a Do Not Call list to the Plaintiff constitute willful violations of 47 C.F.R. § 1200(c)(2)(i)(A) and 47 C.F.R.  § 1200(d)(1), entitling Plaintiff to an award of $1,500.00 in statutory damages pursuant to 47 U.S.C. § 227(c)(5)(C) for each of these violations.

//

COMPLAINT (CIVIL) - 5

**TCPA VIOLATION XI**

29.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.  Independent of the violations cited elsewhere in this Complaint, Defendants' numerous and multiple violations of the TCPA in respect to the Do Not Call implementing regulations within 47 C.F.R. §1200 indicate that Defendants have failed to train its personnel or others acting on its behalf in procedures established pursuant to the National Do Not Call Registry and rules, pursuant to 47 U.S.C. 227(c)(2), 47 C.F.R. §1200(c)(2)(i)(B) and 47 C.F.R. §1200(d)(2).

31.  Defendants' failure to train its personnel and any entity assisting in its compliance in procedures established pursuant to the national Do Not Call Registry and rules constitutes knowing and willful violation of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(c)(5)(C).

**RELIEF REQUESTED**

32.  Plaintiff seeks monetary damages based on treble the amount of Five Hundred Dollars ($500.00) for each of the eleven (11) separate TCPA violations complained of herein, however limiting the total amount of monetary damages requested to the Court's monetary jurisdictional limit of Ten Thousand Dollars ($10,000.00).  Plaintiff further claims post judgment interest, court costs and other expenses in connection with this case.

**JURY DEMAND**

33.  Plaintiff respectfully requests trial by jury.

Dated this 17th day of October, 2016.

Charles A. Gulden

COMPLAINT (CIVIL) - 6

# **EXHIBIT B**

Scott Myer
Dynamic Insurance Services, Inc.
1651 N. Collins Blvd., Ste 301
Richardson, TX 75080
Phone: (214)242-0272
Email: s.myer@equita1.com

IN THE YUMA COUNTY JUSTICE COURT
STATE OF ARIZONA

| | |
|---|---|
| CHARLES A. GULDEN,<br><br>   Plaintiff,<br><br>vs.<br><br>ROYAL NEIGHBORS OF AMERICA<br><br>&<br><br>DYNAMIC INSURANCE SERVICES,<br>INC.<br><br>   Defendants. | Case No. 1401cv201601758<br><br>CONSENT TO REMOVAL BY<br>DYNAMIC INSURANCE SERVICES,<br>INC. |

  Defendant Dynamic Insurance Services, Inc. ("Dynamic") hereby consents to and joins in the removal of this case from the Yuma County Justice Court in the State of Arizona. Dynamic adopts the bases for removal set forth in the Notice of Removal filed by its Co-Defendant Royal Neighbors of America, and reserves the right to supplement that notice should further investigation reveal additional bases for federal jurisdiction.

| | |
|---|---|
| November 17, 2016 | By: _Scott Myer_<br>Scott Myer<br>Dynamic Insurance Services, Inc. |

CONSENT TO REMOVAL BY DEFENDANT DYNAMIC INSURANCE
SERVICES, INC.

1

1

2

3

| | 1651 N. Collins Blvd., Ste 301 |
| --- | --- |
| | Richardson, TX 75080 |
| | Phone: (214)242-0272 |
| | Email: s.myer@equita1.com |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

2

# **EXHIBIT C**

**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN – 012458)
wdemlong@cavanaghlaw.com
Tel: (602) 322-4000
Fax: (602) 322-4100

Attorneys for Defendant Royal
Neighbors of America

**YUMA JUSTICE COURT FIRST PRECINCT FOR THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF YUMA**

| | |
|---|---|
| CHARLES A. GULDEN,<br><br>               Plaintiff,<br><br>vs.<br><br>ROYAL NEIGHBORS OF AMERICA;<br>DYNAMIC INSURANCE SERVICES,<br>INC.,<br><br>               Defendants. | No. 1401 CV 201601758<br><br>**NOTIFICATION OF NOTICE OF REMOVAL** |

**TO THE CLERK OF THE YUMA JUSTICE COURT FIRST PRECINCT:**

PLEASE TAKE NOTICE that on this date, Defendant Royal Neighbors of America Dynamic Insurance Services filed in the United States District Court for the District of Arizona a Notice of Removal of the above-captioned case from this Court to the United States District Court. A true and correct copy of the Notice of Removal filed in District Court is attached hereto.

1    DATED this 18th day of November, 2016.

2                                              THE CAVANAGH LAW FIRM

3

4                                        By: _____
                                             William M. Demlong
5                                            1850 North Central Avenue, Suite 2400
                                             Phoenix, Arizona  85004
6                                            Attorneys for Defendant Royal Neighbors of
                                             America

7    ORIGINAL of the foregoing mailed
     this 18th day of November, 2016, to:
8
     Clerk of the Court
9    Yuma Justice Court First Precinct
     250 West 2nd Street, Suite A
10   Yuma, AZ 85364

11   And copy mailed to:

12   Charles A. Gulden
     11802 E. 28th Place
13   Yuma, AZ 85367
     Pro Per
14

15   _____

16

17

18

19

20

21

22

23

24

25

                                        2